[Cite as *State v. Diaz*, 2026-Ohio-2506.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

      Appellee

v.

Kenton Trayvon Diaz

      Appellant

Court of Appeals No. WD-25-064

Trial Court No. 2022CR0407

**<u>DECISION AND JUDGMENT</u>**

Decided:  June 30, 2026

* * * * *

Paul A. Dobson, Wood County Prosecutor, and
Kristofer A. Kristofferson, Assistant Prosecutor, and
Mya G. Wright, Certified Legal Intern, for the appellee.

Dan M. Weiss, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Defendant-appellant, Kenton Diaz, appeals the judgment of the Wood

County Court of Common Pleas, following his guilty plea to one count of sexual battery,

sentencing him to a 60-month prison term.  For the following reasons, the judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} In October 2022, the Wood County Grand Jury indicted Diaz on one count of rape, a first-degree felony.  The matter proceeded to trial where a jury found Diaz guilty.  On appeal, after finding the prejudice in testimony that the victim saw Diaz's name on a sex offender website, the court reversed the judgment and vacated the conviction.  *State v. Diaz*, 2024-Ohio-3427 (6th Dist.).

{¶ 3} On remand, on July 31, 2025, Diaz pleaded guilty to a reduced charge of sexual battery, a third-degree felony.  The trial court accepted Diaz's plea and ordered a presentence investigation (PSI).

{¶ 4} At sentencing, the State contrasted Diaz's statement in the PSI report that he did not believe that his sexual behavior is a problem with the fact that there were four separate, unrelated police reports regarding his sexual behavior as well as one prior conviction.  The victim was present and addressed the court.  Diaz made a statement expressing remorse and apologizing to the victim.

{¶ 5} Imposing sentence, the court found that the victim suffered serious psychological harm resulting from the offense.  As to recidivism, the court noted that Diaz was on community control when he committed the offense, he has a history of criminal convictions, and that he has not responded favorably to prior sanctions.  The court then stated:

2.

[T]he Court . . . is familiar with the evidence in this case and the facts in this case. And taking all those matters into consideration and the purposes and principles of felony sentencing, as well as the statements made here today, the pre-sentence investigation as well, the Court finds that a combination of community control sanctions would demean the seriousness of your conduct and its impact on the victim, that a sentence of imprisonment is commensurate with the seriousness of your conduct and its impact on the victim. That a prison sentence does not place an unnecessary burden on State government resources and that a prison sentence is necessary to protect the public from future crime by you and others.

{¶ 6} The trial court then imposed a 60-month sentence, classified Diaz as a Tier III Sexual Offender, and sentenced him to five-years of postrelease control. This appeal followed.

## II. Assignments of Error

{¶ 7} Diaz raises the following two assignments of error:

Assignment of Error No. 1: Appellant's right to due process and Fifth Amendment rights were violated when the court considered police reports not related to appellant's plea when it sentenced appellant.

Assignment of Error No. 2: The trial court failed to comply with the principles and purposes of R.C. 2929.11 and R.C. 2929.12 and appellant's sentence should be vacated.

## III. Analysis

### A. Unrelated/Uncharged Conduct

{¶ 8} Diaz's first assignment of error contends that his due process rights and Fifth Amendment privilege were violated by the trial court's consideration of unrelated police reports when imposing sentence. Ohio courts recognize that a sentence may violate due process where the trial court "'imposed or enhanced an offender's sentence because of

3.

improper considerations.'" *State v. Freiberger*, 2026-Ohio-2021, ¶ 10 (6th Dist.), quoting *State v. Mayle*, 2023-Ohio-684, ¶ 16 (5th Dist.) (improper considerations include race, national origin, and false or unreliable information).

{¶ 9} Under R.C. 2929.12, however, "uncharged crimes and charges dismissed pursuant to plea agreements may be considered at sentencing." *State v. Lanning*, 2020-Ohio-2863, ¶ 17 (6th Dist.). "In fact, 'trial courts may consider a broad range of information at sentencing, including, among other things, hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement.' (Cleaned up.)" *Freiburger* at ¶ 10, quoting *State v. Latham*, 2026-Ohio-6, ¶ 22 (2nd Dist.).

{¶ 10} Here, during the sentencing hearing the State referenced prior police reports, with separate female victims, as evidence of Diaz's likelihood to reoffend. Sentencing Diaz, the court noted that at the time of the offense Diaz was on community control, he had a history of criminal convictions, and had not responded favorably to prior sanctions. The trial court stated that it considered the facts of the case, the statements made, including a victim impact statement, and the PSI. There is no indication that the trial court relied on any impermissible factors in fashioning Diaz's sentence. Accordingly, Diaz's first assignment of error is not well-taken.

**B. R.C. 2929.11 and 2929.12 Factors**

{¶ 11} In his second assignment of error, Diaz claims that the trial court's imposition of a 60-month prison term fails to advance the principles and purposes of R.C.

4.

2929.11, and that the court did not properly weigh the seriousness and recidivism factors under R.C. 2929.12.

{¶ 12} An appellate court reviews felony sentencing challenges under R.C. 2953.08(G)(2), which allows the court to increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter for resentencing where the court clearly and convincingly finds:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

> This court has consistently held that
>
> "we are prohibited, as a matter of law, from reviewing whether a trial court erred in its consideration of the R.C. 2929.11 and R.C. 2929.12 when it imposed sentence. *State v. Bowles*, 2021-Ohio-4401, ¶ 9 (6th Dist.), citing *State v. Toles*, 2021-Ohio-3531 (appeals based solely on a trial court's alleged error in considering R.C. 2929.11 and 2929.12 are 'subject to summary resolution as a matter of law')."

*State v. Rahe*, 2026-Ohio-59, ¶ 4 (6th Dist.), quoting *State v. Pringle*, 2025-Ohio-5305, ¶ 4 (6th Dist.); *State v. Rivera*, 2025-Ohio-314, ¶ 17 (6th Dist.).

{¶ 13} Here, like *Rahe* and *Pringle*, this court is prohibited, as a matter of law, from reviewing Diaz's contention that the trial court erred when considering R.C. 2929.11 and 2929.12. Accordingly, Diaz's second assignment of error is not well-taken.

5.

## IV. Conclusion

{¶ 14} Based on the foregoing, the October 9, 2025 judgment of the Wood County Court of Common Pleas is affirmed. Diaz is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

JUDGE

Gene A. Zmuda, J.

JUDGE

Charles E. Sulek, J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.